# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAYLE JENTZ, on behalf of herself individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA,<br><br>       Defendant. | Case No.  1:23-CV-06944<br><br><br><br>  . |
| ANDRE LOPEZ, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br>   v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA,<br><br>       Defendant. | Case No. 1:23-cv-06956 |
| Gwendolyn Smuda and Steven Checchia, on behalf of themselves and all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA,<br><br>       Defendant. | Case No.   1:23-cv-07020 |

SHAY L. KING, individually, and on behalf of all others similarly situated,

          Plaintiff,

    v.

TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA,

          Defendant

Case No.   1:23-cv-07407

ROBIN ANDERSON, on behalf of herself and all others similarly situated,

          Plaintiff,

    v.

TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA,

          Defendant.

Case No.  1:23-cv-07437

.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AMENDED MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL

## <u>TABLE OF CONTENTS</u>

PAGE(S)

INTRODUCTION ..................................................................................................... 1

RELEVANT BACKGROUND .................................................................................. 2

I.    APPOINTMENT OF INTERIM CLASS COUNSEL IS NEEDED TO AVOID DUPLICATIVE FILINGS AND PROTECT THE INTERESTS OF PUTATIVE CLASS MEMBERS.......................................................................................... 3

II.    Proposed Interim Class Counsel SHOULD BE APPOINTED INTERIM CLASS COUNSEL ................................................................................................ 4

III.    Proposed Interim Class Counsel Have Thoroughly Identified And Investigated The Claims ........................................................................................................ 4

IV.    Proposed Interim Class Counsel Is Experienced in Handling Class Actions And Other Complex Litigation .............................................................................. 5

       1.    Proposed Co-Lead Class Counsel ............................................................ 6

           **a.**  Gary M. Klinger of Milberg.............................................................. 6

           **b.**  Israel David of Israel David LLC .................................................... 9

           **c.**  John A. Yanchunis OF Morgan AND Morgan................................. 12

       2.    Proposed Executive Committee............................................................. 17

           **a.**  Daniel Srourian of Srourian Law Firm, P.C. ................................. 17

           **b.**  James M. Evangelista of Evangelista Worley LLC .......................... 19

V.    Proposed Interim Class Counsel Are Uniquely Familiar With The Applicable Law.... 20

VI.    Proposed Interim Class Counsel Will Commit All Necessary Resources To Representing The Class......................................................................................... 21

VII.  The First-to-File Rule Further Supports the Appointment of Proposed Interim Class Counsel. ............................................................................................... 22

CONCLUSION.......................................................................................................... 24

i

# TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE(S)**

*Adedipe v. U.S. Bank, Nat'l Ass'n*,
   Nos. 13-2687 (JNE/JJK), 13 22944 (JNE/JKK), 2014 WL 835174 (D. Minn. Mar. 4, 2014)... 3

*Bergeron*,
   2020 WL 9380794 (W.D.N.Y. Dec. 18, 2020) ........................................................................ 4

*Bernstein v. Cengage Learning, Inc.*,
   2019 WL 6324276 (S.D.N.Y. Nov. 26, 2019) ......................................................................... 3

*Biondi v. Scrushy*,
   820 A.2d 1148 (Del. Ch. 2003) ............................................................................................. 18

*Carlin v. DairyAmerica, Inc.*,
   2009 WL 1518058 (E.D. Cal. May 29, 2009) ...................................................................... 18

*Gamboa v. Ford Motor Co.*,
   381 F. Supp. 3d 853 (E.D. Mich. 2019) ................................................................................. 3

*Haynie v. Cornell Univ.*,
   2020 WL 6043947 (N.D.N.Y. Oct. 13, 2020) ....................................................................... 4

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
   240 F.R.D. 56 (E.D.N.Y. 2006) ............................................................................................. 4

*In re Arthur J. Gallagher*,
   631 F. Supp. 3d at 586 ......................................................................................................... 15

*In re Blackbaud, Inc., Customer Data Breach Litig.*,
   No. 3:20-MN-02972-JMC, 2021 WL 2718439 (D.S.C. July 1, 2021) .................................... 16

*In re Insulin Pricing Litig.*,
   2017 WL 4122437 (D.N.J. Sept. 18, 2017) .......................................................................... 18

*In re Mun. Derivatives Antitrust Litig.*,
   252 F.R.D. 184 (S.D.N.Y. 2008) ......................................................................................... 17

*Karpilovsky v. All Web Leads, Inc.*,
   No. 17 C 1307, 2018 WL 3108884 (N.D. Ill. June 25, 2018) .................................................. 16

*Michelle v. Arctic Zero, Inc.*,
   2013 WL 791145 (S.D. Cal. Mar. 1, 2013) .......................................................................... 18

*Moehrl v. Nat'l Ass'n of Realtors*,
    No. 19-cv-01610, 2020 WL 5260511 (N.D. Ill. May 30, 2020) ................................................ 3

*Moradi v. Adelson*,
    2011 WL 5025155 (D. Nev. Oct. 20, 2011) ............................................................................. 18

*Richey v. Ells*,
    2013 WL 179234 (D. Colo. Jan. 17, 2013) ............................................................................. 18

*Steele v. United States*,
    2015 WL 4121607 (D.D.C. June 30, 2015) ............................................................................. 18

*Szymczak v. Nissan N. Am., Inc.*,
    2012 WL 1877306 (S.D.N.Y. May 15, 2012) ............................................................................. 1

*Troy Stacy Enter. Inc.*,
    337 F.R.D. at 409 (S.D. Ohio 2021) ....................................................................................... 3

*Webb v. Injured Workers Pharmacy, LLC*,
    72 F.4th 365 (1st Cir. 2023) ................................................................................................... 15

## OTHER AUTHORITES

*Manual for Complex Litigation* § 21.11 (4th ed. 2004) ............................................................ 1, 3

Moore's Fed. Prac. § 23.120(3)(a) (3d. Ed. 2007) ..................................................................... 5

## RULE(S)

Fed. R. Civ. P. 23(g) ............................................................................................................... 1, 3

Fed. R. Civ. P. 23(g)(1)(A) ......................................................................................................... 4

Fed. R. Civ. P. 23(g)(1)(A)(ii) ..................................................................................................... 5

Fed. R. Civ. P. 23(g)(1)(C)(i) ..................................................................................................... 16

Fed. R. Civ. P. 23(g)(3) ............................................................................................................... 5

## INTRODUCTION

Plaintiffs Gayle Jentz, Andre Lopez, Shay King and Robin Anderson (together, "Plaintiffs") respectfully move this Court to appoint Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") Israel David of Israel David LLC, and John A. Yanchunis of Morgan and Morgan Complex Litigation Group ("Morgan and Morgan") as Interim Co-Lead Class Counsel and Daniel Srourian of Srourian Law Firm P.C. and James M. Evangelista of Evangelista Worley LLC as members of the Plaintiffs' Executive Committee pursuant to Fed. R. Civ. P. 23(g) (collectively, "Proposed Interim Class Counsel"). Proposed Interim Class Counsel are the right team to guide this litigation for the putative class members as they are nationally recognized as leaders in data breach litigation and have litigated and are currently litigating dozens of data breach class actions across the country. Moreover, Proposed Interim Class Counsel's respective firms have the resources necessary, both in terms of attorneys and financial capital, to prosecute and to take a complex data breach class action like the one before this Court to trial. Their appointment will best serve the class.

Five cases regarding this data breach have already been filed in this District. Similar filings are near-certain to follow, as the data breach at issue resulted in unauthorized access to more than 2 million putative class members' sensitive information. Accordingly, and as further explained below, appointment of interim class counsel is needed to protect the interests of the putative class and will avoid duplication of work and avoid inconsistent rulings from different courts on the same issues. Most importantly, "[d]esignation of lead counsel [will] ensure[] the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating

possible settlements." *Szymczak v. Nissan N. Am., Inc.*, 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (Briccetti, J.) (citing *Manual for Complex Litigation* § 21.11 (4th ed. 2004)[1]).

## RELEVANT BACKGROUND

Defendant Teachers Insurance and Annuity Association of America ("Defendant" or "TIAA") failed to implement adequate and reasonable data security measures sufficient to safeguard the personally identifiable information ("PII") of Plaintiffs and Class Members. As a result, cybercriminals were able to gain access to TIAA's data, including Plaintiffs and Class Members' full names, addresses, dates of birth, gender, and Social Security numbers (the "Data Breach"). Plaintiffs allege that they and members of the putative class have suffered damages as a result of the unauthorized and preventable disclosure of their sensitive information.

On August 7, 2023, Plaintiff Gayle Jentz filed her complaint against Defendant for injuries arising from the Data Breach, *Jentz v. Teachers Insurance and Annuity Association of America* ("TIAA"), No. 23-cv-06944. Also on August 7, 2023, Plaintiff Andre Lopez filed his complaint against Defendant, *Lopez v. Teachers Insurance and Annuity Association of America*, No. 23-cv-06956. On August 9, 2023, Plaintiffs Gwendolyn Smuda and Steven Checchia filed their complaint against Defendant, *Smuda et al v. Teachers Insurance and Annuity Association of America*, Case No. 23-cv-7020. On August 21, 2023, Plaintiff Shay L. King filed his complaint against Defendant, *King v. Teachers Insurance and Annuity Association of America*, Case No. 23-cv-7407. And on August 22, 2023 Robin Anderson filed her complaint against Defendant, *Anderson v. Teachers Insurance and Annuity Association of America*, Case No. 23-cv-7437 (collectively, the "Related Actions"). A motion to consolidate the Related Actions, as well as any substantially similar actions, was filed on August 29, 2023 and is currently pending the Court's review.

---

[1] Hereinafter, the "*Manual*"

## I.   APPOINTMENT OF INTERIM CLASS COUNSEL IS NEEDED TO AVOID DUPLICATIVE FILINGS AND PROTECT THE INTERESTS OF PUTATIVE CLASS MEMBERS

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3) (cited in *Adedipe v. U.S. Bank, Nat'l Ass'n*, Nos. 13-2687 (JNE/JJK), 13 22944 (JNE/JKK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014)); *see also Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020). Early appointment of interim class counsel is warranted when there are competing "copycat" filings *or* the risk of such filings. Multiple identical or similar actions prevent efficient prosecution of claims, disjointed legal strategy, and prejudice to defendants, plaintiffs, and putative class members. *See Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019) ("Designation of interim counsel is particularly appropriate when several lawyers have filed related 'copycat' actions."). "In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Troy Stacy Enter. Inc.*, 337 F.R.D. at 409 (S.D. Ohio 2021) (citing *Manual* § 21.11).

Here, multiple cases have been filed and early appointment of counsel to lead the prosecution of this class case is necessary to conserve resources, avoid duplication of effort and confusion amongst the putative class, eliminate the risk of inconsistent rulings, and to allow the class to speak with a unified voice. "Establishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently." *Bernstein v. Cengage Learning, Inc.*, 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019); *see also id.* (appointing interim counsel even though "only one law firm represents Plaintiffs and there are

3

no other pending related actions" because "the recent existence of those other cases asserting similar claims with other plaintiffs represented by [other counsel] shows that the possibility of more such cases is not foreclosed.

## II.   PROPOSED INTERIM CLASS COUNSEL SHOULD BE APPOINTED INTERIM CLASS COUNSEL

Determining the appointment of lead class counsel requires the court to consider: "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. A court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Bergeron*, 2020 WL 9380794, at *1 (quoting *Haynie v. Cornell Univ.*, 2020 WL 6043947 (N.D.N.Y. Oct. 13, 2020) at *1-2); *see also* Fed. R. Civ. P. 23(g)(1)(A)). "Ultimately, the court's goal is achieving efficiency and economy without jeopardizing fairness to the parties." *Bergeron*, 2020 WL 9380794, at *1 (quoting *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57–58 (E.D.N.Y. 2006)). Each of these considerations, as detailed below, supports the appointment of Proposed Interim Class Counsel.

## III.   PROPOSED INTERIM CLASS COUNSEL HAVE THOROUGHLY IDENTIFIED AND INVESTIGATED THE CLAIMS

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken.  All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for

appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

Moore's Fed. Prac. § 23.120(3)(a) (3d. Ed. 2007).

Here, Proposed Interim Class Counsel's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed class. Proposed Interim Class Counsel have diligently investigated and advanced this litigation, including through analyzing the circumstances surrounding the Data Breach, interviewing several dozen consumers injured by the Data Breach, researching legal claims, drafting initial pleadings, drafting and serving a document preservation notice upon Defendant, and organizing Plaintiffs and counsel to move the litigation forward.

Proposed Interim Class Counsel worked to quickly organize and avoid any delay caused by a leadership dispute to address the merits of the case as expeditiously as possible. And Proposed Interim Class Counsel's efforts at self-organization were successful, as evidenced by this Motion. Proposed Interim Class Counsel operate as a cohesive, well-organized group. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of each firm's strengths while eliminating duplication. In the future, and if appointed, Proposed Interim Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred. Accordingly, the substantial work, cooperation, and investigation weigh in favor of appointing the Proposed Interim Lead Counsel under Fed. R. Civ. P. 23(g)(3).

## IV.   PROPOSED INTERIM CLASS COUNSEL IS EXPERIENCED IN HANDLING CLASS ACTIONS AND OTHER COMPLEX LITIGATION

The second factor the Court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action."  Fed. R. Civ. P. 23(g)(1)(A)(ii).  Here, Proposed Interim Class Counsel have substantial experience handling class

actions involving data breach and data privacy cases, and have been appointed to leadership positions in several high-profile Data Breach cases. As demonstrated below, Proposed Class Counsel are uniquely qualified to lead this litigation.

### 1.   PROPOSED CO-LEAD CLASS COUNSEL

#### A.   *GARY M. KLINGER OF MILBERG*

Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[2] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[3] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing. Milberg has been described by the New York Times as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."[4]

Milberg is one of the largest plaintiffs' class action firms in the United States (and abroad). The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred-twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany.

---

[2] *See, e.g.*, *In re Tyco Int'l Ltd., Sec. Litig.*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Ins. Co. Sales Practice Litig.*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[3] *See* https://milberg.com/precedent-setting-decisions/page/3/.

[4] Sam Roberts, *Melvyn Weiss, Lawyer Who Fought Corporate Fraud, Dies at 82*, N.Y. TIMES, (Feb. 5, 2018), https://www.nytimes.com/2018/02/05/obituaries/melvyn-weiss-lawyer-who-fought-corporate-fraud-dies-at-82.html.

Mr. Klinger is a Partner at Milberg and Chair of its Data Privacy and Cybersecurity Practice Group. Mr. Klinger is one of the most well-known and respected data privacy attorneys in the United States and has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. Over the past 3 years, Mr. Klinger has settled on a class-wide basis more than forty (40) class actions involving privacy violations, the majority of which are data breaches, in State and Federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled more data breach class actions during this time period. Representative cases include:

- *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $68.5 million for 4 million consumers in a privacy class action);

- *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action);

- *Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger served as lead counsel in a data breach class action involving 6 million consumers and reached a settlement valued at $17 million);

- *Heath v. Insurance Techs. Corp.*, No. 21-cv- 01444 (N.D. Tex.) (where Mr. Klinger served as lead counsel and reached a class-wide settlement for $11 million for a major data breach involving more than 4 million consumers).

Mr. Klinger is presently serving as court-appointed lead-counsel in several of the largest privacy class actions in the country, including:

- *In re Meta Browser Tracking Litigation*, Case No. 3:22-cv-05267-AMO (N.D. Cal.) (where Mr. Klinger is court-appointed co-lead counsel to tens of millions of consumers in a privacy class action against Facebook);

- *Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Mr. Klinger is appointed to the leadership committee in a data breach class action involving 6 million consumers);

- *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Mr. Klinger is court-appointed co-lead counsel in a data breach class action involving 4 million consumers);

- *In re: Cerebral, Inc. Privacy Practices*, Case No. 2:23-cv-1803 (C.D. Cal.) (where Mr. Klinger is court-appointed co-lead counsel in a privacy class action involving 3 million consumers);

- *Dusterhoft v. OneTouchPoint Corp.*, Case No. 2:22-cv-00882-BHL (E.D. Wis.) (where Mr. Klinger is court-appointed co-lead counsel in a data breach class action involving 4 million consumers); and

- *In re: Arthur J. Gallagher*, Case No. 1:22-cv-000137 (N.D. Ill) ((where Mr. Klinger is court-appointed co-lead counsel in a data breach class action involving 3 million consumers).

Of recent, Mr. Klinger has been instrumental in bringing national attention to the unlawful disclosure of personally identifiable information through the use of online tracking technologies (e.g., the Meta Pixel), including by investigating and filing one of the first cases of its kind in the United States. *See Quinto v. The Regents of the University of California*, Case No. 22-cv-012970 (Sup. Ct. Alameda Cty.) (complaint filed June 16, 2022). In the wake of that lawsuit, and due to Mr. Klinger's investigation, UCLA issued notice to more than 94,000 California consumers advising their private information had been unlawfully disclosed to third-parties.[5] *See* https://www.uclahealth.org/data-notice.  Mr. Klinger is presently litigating more than a dozen similar class actions against various companies for their use of tracking technologies such as Meta Pixel. Moreover, he is one of the few lawyers in the country to have settled a data privacy class action over its use of tracking technologies on a class-wide basis. *See John v. Advocate Aurora*

---

[5] In the wake of the *Quinto* lawsuit, the Department of Health and Human Services (DHHS) issued a bulletin on the requirements under HIPAA for online tracking technologies providing that "[r]egulated entities are not permitted to use tracking technologies in a manner that would result in impermissible disclosures of ePHI to tracking technology vendors or any other violations of the HIPAA Rules." *See* https://www.hhs.gov/about/news/2022/12/01/hhs-office-for-civil-rights-issues-bulletin-on-requirements-under-hipaa-for-online-tracking-technologies.html.

*Health, Inc.*, No. 22-CV-1253-JPS (E.D. Wis.) (appointed co-lead counsel with preliminary approval of a $12 million settlement filed on August 11, 2023).

Mr. Klinger has also successfully litigated privacy class actions through class certification. In *Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25, 2018), Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members. *Id*. In a recent nationwide privacy class settlement hearing in the U.S. District Court for the Northern District of California, Judge Richard Seeborg personally commended Mr. Klinger for "quite a substantial recovery for class members." Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by Mr. Klinger (and his co-counsel).

In addition to his professional experience, Mr. Klinger is presently pursuing his Masters of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law and is a Certified Information Privacy Professional (CIPP/US).

Additional information regarding Mr. Klinger and Milberg can be found in the Milberg firm resume, attached hereto as **Exhibit A**.

**B.** *ISRAEL DAVID OF ISRAEL DAVID LLC*

Israel David has more than 25 years of experience in representing corporations, boards of directors, and senior corporate management in a wide array of corporate and commercial disputes, with an emphasis on securities and shareholder class actions, data-privacy class actions, antitrust class actions, derivative lawsuits, along with other complex business disputes. He has litigated numerous "bet-the-company" cases at the trial court and appellate levels in federal and state courts throughout the US, and in domestic and international arbitration proceedings. Mr. David has earned national acclaim for having successfully represented clients

9

in some of the largest and most high-profile securities and shareholder lawsuits in the last quarter

century.

Among numerous other class action lawsuits nationwide, these include:

- Co-leading the representation of Wells Fargo & Company, its predecessor Wachovia Corporation, and Wachovia's senior-most officers and directors in the consolidated class action securities lawsuit in the Southern District of New York arising out of the financial collapse of Wachovia.  The lawsuit (which alleged losses of $109 billion) is considered to be one of the largest class action securities lawsuits in U.S. history to have obtained a complete dismissal with prejudice.

- Co-Leading Leading the representation of the President of Lehman Brothers in numerous lawsuits nationwide – including the consolidated class action securities lawsuit in the Southern District of New York – arising out of the collapse of Lehman Brothers, likely the largest corporate financial collapse in U.S. history.

- Co-leading the representation of all of the underwriters of the General Motors Company 2010 IPO – the then-largest IPO in U.S. history – in a class action securities lawsuit in the Southern District of New York.

- Co-leading the representation of eight globally leading banks in a class action securities lawsuit in the Southern District of New York involving the issuance of approximately $26 billion of Residential Mortgage-Backed Securities.

- Leading the representation of two members of the Board of Directors of The Weinstein Company in the high-profile sexual-assault class action lawsuit in the Southern District of New York, arising out of the well-publicized claims of sexual assault allegedly committed by that company's CEO.

In January 2023, the Honorable Judge Ann M. Donnelly of the United States District Court

for the Eastern District of New York appointed Israel David LLC as Interim Co-Lead Class

Counsel in the high-profile antitrust class action lawsuit challenging the so-called Northeast

Alliance entered into by American Airlines and JetBlue Airlines. *In re American*

*Airlines/JetBlue Antitrust Litigation* (22-cv-07374-AMD-TAM).

Most recently, in July 2023, the Honorable Judge Katherine Polk Failla of the United States

District Court for the Southern District of New York appointed Israel David LLC as Interim Lead

Class Counsel in a data privacy class action lawsuit involving a data security incident at The Metropolitan Opera in New York City. *Tuteur v. Metropolitan Opera Association, Inc.* (23-cv-03997).

In July 2023, the Honorable Judge Kandis A. Westmore of the United States District Court for the Northern District of California appointed Israel David LLC as Interim Co-Lead Class Counsel in a data privacy class action lawsuit involving a data security incident that compromised the private data of over 200 million Twitter users. *Gerber v. Twitter, Inc., et al.* (23-cv-00186-KAW).

In July, 2023, the Honorable Judge Araceli Martinez-Olguin of the United States District Court for the Northern District of California appointed Israel David LLC to the Plaintiffs' Executive Committee in a data privacy class action lawsuit arising out of the illicit sharing with Google and Facebook of sensitive private health information of unsuspecting consumers by an online healthcare provider. *Doe v. GoodRx Holdings, Inc, et al.* (23-cv-00501-AMO).

Prior to founding Israel David LLC, Mr. David was a prominent partner from 2005 to 2022 at the elite international law firm of Fried, Frank, Harris, Shriver & Jacobson LLP, and was an associate at that firm from 1996 to 2005.

Established in 2022, Israel David LLC is a growing and diverse high-end litigation boutique focused exclusively on class action lawsuits and complex commercial litigation. Israel David LLC is comprised of seasoned litigators with extensive experience in antitrust class actions, data and online privacy class actions, securities and shareholder litigation, consumer class actions, and commercial and business litigation. The Firm's principal partners have over 40 years of combined experience litigating high-stakes class action lawsuits at some of the

most prestigious law firms in the world, including over 20 years combined experience as prominent partners at those firms.

Additional information regarding Mr. David and Israel David, LLC can be found in the Israel David firm resume, attached hereto as **Exhibit B**.

## C.   *JOHN A. YANCHUNIS OF MORGAN AND MORGAN*

John Yanchunis leads Morgan & Morgan's class action group. Morgan & Morgan is America's largest injury law firm with over 900 lawyers in offices throughout the United States. Its depth as a trial firm, and its self-funded financial resources, allow it to undertake the largest and most significant cases throughout the country. Mr. Yanchunis—whose career as a trial lawyer began over 41 years ago following the completion of a two-year clerkship with United States District Judge Carl O. Bue, Southern District of Texas, (now deceased)—has efficiently and expeditiously led many privacy-related Multidistrict Litigation (MDL) and non-MDL class action proceedings, including as Lead or Co-Lead Counsel in some of the largest privacy class actions. He has focused his practice on class action litigation for over 28 years.

Mr. Yanchunis began his work in privacy litigation in 1999 with the filing of In re Doubleclick Inc. Privacy Litigation, 154 F. Supp. 2d 497 (S.D.N.Y. 2001), alleging privacy violations based on the placement of cookies on hard drives of internet users. Beginning in 2003, he served as co-Lead Counsel in the successful prosecution and settlement of privacy class action cases involving the protection of privacy rights of more than 200 million consumers under the Driver's Protection Privacy Act (DPPA) against the world's largest data and information brokers, including Experian, R.L. Polk, Acxiom, and Reed Elsevier (which owns Lexis/Nexis). See Fresco v. Automotive Directions, Inc., No. 03-61063-JEM (S.D. Fla.), and Fresco v. R.L. Polk, No. 07-cv-60695-JEM (S.D. Fla.). Subsequently, he also served as co-Lead Counsel in the

DPPA class cases, *Davis v. Bank of America*, No. 05-cv-80806 (S.D. Fla.) ($10 million class settlement), and *Kehoe v. Fidelity Fed. Bank and Trust*, No. 03-cv-80593 (S.D. Fla.) ($50 million class settlement).

As a result of his experience in insurance and complex litigation, beginning in 2005, he was selected by Tom Gallagher, the Chief Financial Officer for the state of Florida and a member of the Florida Cabinet, to serve as lead counsel for the Florida Department of Financial Services and the Florida Department of Insurance Regulation (the insurance regulators of Florida) in their investigations of the insurance industry on issues concerning possible antitrust activity and other possible unlawful activities regarding the payment of undisclosed compensation to insurance brokers.  He served as lead regulator counsel and worked with a core group of state Attorneys General from the National Association of Attorneys General, which were selected to conduct the investigations.  The insurance regulator for Florida was the only insurance regulator in the group.  The litigation that was filed and the related investigations netted millions of dollars in restitution for Florida consumers and resulted in significant changes in the way commercial insurance is sold in Florida and across the country.

During his career, he has tried numerous cases in state and federal courts, including one of the largest and longest insurance coverage cases in U.S. history, which was filed in 1991 by the Celotex Corporation and its subsidiary, Carey Canada, Inc.  During the seventeen years the case pended, he served as lead counsel for several insurance companies, regarding coverage for asbestos and environmental claims.  The case was tried in three phases over several years beginning in 1992.  He was also lead counsel for these parties in the subsequent appeals that followed a judgment in favor of his clients.

He has been appointed and served in leadership positions in most of the largest data breach cases filed in the area of privacy and data breaches:  In re: Capital One Consumer Data Security Breach Litigation, No. 1:19-MD-2915-AJT (E.D. Va.)(settlement for $190,000,000  approved for 98 million consumers  ) In re Yahoo! Inc. Customer Data Security Breach Litigation, No. 5:16-MD-02752-LHK (N.D. Cal.) ("Yahoo") (Lead Counsel) (Court approved $117,500,000.00 common fund settlement for approximately 194 million US residents and 270,000 Israeli citizens ); In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig., No. 1:14-md-02583-TWT (N.D. Ga.) (co-Lead Counsel) (final judgment entered approving a settlement on behalf of a class of 40 million consumers with total value of $29,025,000); In Re: Equifax, Inc. Customer Data Security Breach Litigation, 1:17-md-2800-TWT (N.D. Ga.) (member of the Plaintiffs' Steering Committee) (final judgment entered approving  $380.5 million fund for 145 million consumers );   In re: U.S. Office of Personnel Management Data Security Breach Litigation, 1:15-mc-01394-ABJ (D.D.C.) ("OPM") (member of the Executive Committee) (motion for preliminary approval of a $60,000,000 common fund ); In re Target Corp. Customer Data Sec. Breach Litig., MDL No. 2522 (D. Minn.) (Executive Committee member) (final judgment approving a settlement on behalf of a class of approximately 100 million consumers).

His court-appointed leadership experience in non-MDL, data breach class actions is likewise significant, and to just name a few : Schmidt, et al., v. Facebook, Inc., No. 3:18-cv-05982 (N.D. Cal.) (Co-Lead Counsel) ("Facebook") (class certified over Facebook's opposition for 8 million residents , subsequently settlement of the class was approved by the court); Walters v. Kimpton Hotel & Restaurant, No. 3:16-cv-05387 (N.D. Cal.) ("Kimpton") (Lead Counsel) (class action settlement final approval order entered July 11, 2019); and In re: Arby's Restaurant Group, Inc. Data Security Litigation, Nos. 1:17-cv-514 and 1:17-cv-1035 (N.D. Ga.) (co-Liaison

Counsel) (final approval of a class settlement entered June 6, 2019); and Jackson, et al., v. Wendy's International, LLC, No. 6:16-cv-210-PGB (M.D. Fla.) (final approval of a class settlement entered February 26, 2019); Henderson v. Kalispell Regional Healthcare, No. CDV-19-0761 (Montana Eighth Judicial Court – Cascade County) (final approval of class settlement entered January 5, 2021); In re: Citrix Data Breach Litigation, No. 19-cv-61350 (S.D. Fla.) (preliminary approval of class action settlement entered on January 26, 2021); Kuss v. American HomePatient, Inc., et al., 18-cv-2348 (M.D. Fla.) (final approval of class action settlement entered on August 13, 2020); Fulton-Green v. Accolade, Inc., 18-cv-274 (E.D. Pa.) (final approval of class action settlement entered September 23, 2019); Nelson v. Roadrunner Transportation Systems, Inc., 18-cv-7400 (N.D. Ill.) (final approval of class action settlement entered September 15, 2020).

He has also been appointed co lead counsel in a data privacy case that was certified as a class over Google's  opposition , and it is headed for trial on November 6, 2023 in the Oakland Division of the Northen District of California - Brown. et al., v. Google, LLC, 20-cv-03664 (N.D. Cal.).  In another data privacy case against Google pending in the Northern District of California, San Francisco Division,  Rodriguez, et al, v. Google, LLC, 20-cv-04688 (N.D. Cal.), he, along with his co-counsel, moved recently for class certification. He is one of three co -lead counsel proposed to the court in the motion for class certification. A hearing on the motion for class certification is set for September, 2023.

Mr. Yanchunis was recognized in 2020 for the second year in a row by Law360 as one of 4 MVPs in the area of Cybersecurity and Privacy. Similarly, in 2016 and then in 2020, Mr. Yanchunis was recognized by the National Law Journal as a  Trailblazer in the Area of Cybersecurity & Data Privacy. In 2020, Mr. Yanchunis was named Florida Lawyer of the Year

by the Daily Business Review, and in 2022, he was awarded the Best Mentor award in the state of Florida by the same publication. This year he was named Consumer Lawyer of the Year by The Florida Bar's Consumer Protection Committee. In 2023 , he was also recognized as a Titan of the Plaintiffs' Bar by Law360.

Because of his experience in the area of cyber security and privacy and data breach litigation, he is a frequent speaker nationally and internationally, and is scheduled to speak in London in the fall at two separate symposiums on data privacy and cyber security. Presently he is organizing with several  universities in the the United States , the European Union  and Israel, a symposium to focus on data privacy. It is planned  to be held in Rome in 2024.

Exhibiting his leadership skills and his ability to work collaboratively with others , Mr. Yanchunis has served in leadership positions on many professional committees and boards, most prominently as a member of the Board of Directors of The Florida Bar Foundation, a member of The Florida Board of Bar Examiners appointed by the Florida Supreme Court (5-year term, and he continues by appointment to date as an Emeritus Member), and an elected member for two terms to The Board of Governors of The Florida Bar, and to The Young Lawyers Division of The Florida Bar. He has served on The Florida Bar's Consumer Protection Committee, including serving as its Chair. He has also served as an expert in ethical issues in class litigation for The Florida Bar in disciplinary proceedings.

In his profession, he received the Florida Bar Foundation President's Award of Excellence, the Public Justice Impact Change Award, and for his work in representing a class of elderly indigent Floridians on Medicaid in a suit against the state of Florida, which resulted in an increase in the benefits to class members, he was awarded The Florida Bar Elder Law Section Chair's Honor Award.

He has been recognized as a Super Lawyer for over 2 decades and is AV rated by Martindale Hubbell.

### 2.   **PROPOSED EXECUTIVE COMMITTEE**

#### A.   *DANIEL SROURIAN OF SROURIAN LAW FIRM, P.C.*

Mr. Srourian is the founder of Srourian Law Firm, P.C., a Los Angeles-based law firm dedicated to fighting for the rights of consumers and employees since its inception in 2013. Mr. Srourian began his work in the class action arena in 2014, representing employees across the country in wage and hour class action cases for violations of the California Labor Code and the Fair Labor Standards Act. Since that time, Mr. Srourian gained extensive class action litigation experience, having vigorously litigated approximately 100 wage and hour class actions to date, including conducting complex written discovery and taking depositions. Overall, since starting the practice of law in 2013, Mr. Srourian has conducted at least 200 depositions on various matters for which he has served as plaintiff's counsel, as well as conducted three trials, one of which produced a successful verdict in the amount of $1,541,000 when Defendant's top pre-trial offer was $450,000.00, while another produced a successful jury verdict in the amount of $1,041,697.00 when Defendant's top pre-trial offer was a mere $30,000.00.

Notable class action recoveries obtained by Mr. Srourian include the following: *Adrian Guerrero et al. v. Ruth's Hospitality Group,* No. JCCP5243, (Riverside County, Ca.), $6,000,000.00 recovered on behalf of over 3,000 current/former restaurant employees (settlement pending approval); *Kirk McLemore et al. v. Nautilus Hyosung America, Inc.,* No. 2:17-cv-02298-CBM (C.D. Cal.) $3,182,979.00 recovered on behalf of nearly 1,000 current/former nationwide

17

ATM technicians (settlement finally approved in 2020)[6]; *Robert Bennet   v. 48Forty Solutions, LLC,* No. CVRI2201011 (Riverside County, Ca.) $1,950,000.00 recovered on behalf of approximately 850 warehouse laborers (settlement pending approval); *Diego Zamudio   v. Letter Ride,* No. RIC1805755 (Riverside County, Ca.) $1,000,000.00 recovered on behalf of approximately 1,000 delivery drivers (settlement finally approved in 2019); *Kevork Manoukian  v. John Bean Technologies,* No. BC688700 (Los Angeles County, Ca.) $987,500.00 recovered on behalf of over 500 airport staff (settlement finally approved in 2020); *Chelsea Medlock et al.  v. MedMen Dispensary,* No. 18STCV05391 (Los Angeles County, Ca.) $975,000.00 recovered on behalf of nearly 1,000 retail workers (settlement finally approved in 2021). It is further notable that none of the mentioned cases provided for any sort reversion or claims process, thereby providing maximum relief to those injured.

Mr. Srourian began representing consumers for data breaches in January 2023, currently serving as counsel of record on approximately 45 class action data breach cases across the country, some of which also have filings by other counsel in the instant case for which counsel intend to work together. Mr. Srourian's vast experience and expertise in class action litigation has opened doors to allow Mr. Srourian to help consumers in a relatively new area of the law. Recently, Srourian Law Firm was picked for the Plaintiff's Executive Committee on the federal data breach case of *Cain et al v. CGM, L.L.C* (1:23-cv-02604).

Additional information regarding Mr. Sourian and Srourian Law Firm, P.C.can be found in the Milberg firm resume, attached hereto as **Exhibit C.**

---

[6] This settlement was the 13th largest class action settlement reported in the State of California in the year 2020, per https://topverdict.com/lists/2020/california/top-20-class-action-settlements

**B.**     *JAMES M. EVANGELISTA OF EVANGELISTA WORLEY LLC*

Mr. Evangelista has over thirty-two years of diverse, hands-on, complex financial fraud, commercial and class action litigation experience in federal and state courts around the United States. Prior to focusing his practice on plaintiffs' causes, Jim represented corporate clients as defendants for over 12 years in high-profile class action litigation, commercial litigation and internal investigation matters at Skadden Arps Slate Meagher & Flom LLP and Leboeuf Lamb Green & MacRae LLP. As a plaintiff's class action attorney, Jim has been appointed to numerous leadership positions in a wide variety of complex consumer class actions, including those involving data breaches, securities fraud and shareholder derivative claims.  For example, Mr. Evangelista served as:

- Co-lead counsel to class of consumers against large mattress retailer in *Dennis et al v. Good Deal Charlies, Inc.*, No. 20-cv-295 (N.D. Ok.);

- Co-lead counsel to class of consumers against large community banking system in *Glass v. Delta Community Credit Union*, No. 2019CV317322 (Fulton Sup. Ct, Ga.);

- Co-lead counsel to class of consumers for data breach in *Orr v. Intercontinental Hotel Group*, No. 1:17-cv-1622 (N.D. Ga.);

- Co-lead counsel to consumer data breach class in In Re: *The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (Aug. 23, 2016, N.D. Ga) ("The Court . . . finds that Lead Counsel have prosecuted the case vigorously and in the best interests of the Settlement Class.... This Settlement reflects an outstanding result for the Class in a case with a high level of risk…");

- Co-lead counsel to consumer class alleging defective roofing products in *Buske et al v. Owens Corning Corp.*, No. 16-cv-00709 (N.D. Ga.);

- Co-lead counsel to investor class alleging securities fraud in *In Re: Evergreen Ultra Short Opportunities Fund Securities Litigation*, No. 1:08-cv-11064-NMG (Dec. 12, 2012, D. Mass) ("[The recovery was] the product of considerable time and labor expended by Lead Counsel who faced novel and difficult legal obstacles … [and was] due, at least in part, to the quality of the representation provided by Lead Counsel.");

- Co-lead counsel to investor class alleging securities fraud in *In Re: Bank of America Corp Stockholder Derivative Litigation*, C. A. No. 4307-VCS (Del. Ch.), and intervention action in *In Re: Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, Master File No. 09-cv-00808 (S.D.N.Y.);

- Liaison class counsel to consumer class alleging product liability in *Carder v. Graco Children's Products, Inc.,* No. 2:20-cv-00137-LMM*;*

- Liaison class counsel to shareholder derivative class alleging breaches of fiduciary duties, abuse of control, and gross mismanagement of public company in *In Re: Ebix. Inc. Shareholder Derivative Action*, No. 2011CV205276 (Fulton Sup. Ct, Ga.);

- Liaison class counsel to shareholder derivative class alleging breaches of fiduciary duty in *In Re: EasyLink Services International Corp*., Superior Court of Gwinnett County, GA, Civil Action No. 12A-04020-3;

- Liaison class counsel to investor class alleging securities fraud in *Plymouth County Retirement Systems v. Carter's, Inc*. et al., 1:08-CV-2940-AT (N.D. Ga.); and

- Liaison class counsel to investor class alleging securities fraud in *In Re: Internap Network Services Corp. Securities Litig.*, No. 1:08-cv- 03462-JOF.

Additional information regarding Mr. Evangelista and Evangelista Worley LLC can be found in the Evangelista Worley firm resume, attached hereto as **Exhibit C**.

## V.     PROPOSED INTERIM CLASS COUNSEL ARE UNIQUELY FAMILIAR WITH THE APPLICABLE LAW

As demonstrated above, Proposed Interim Class Counsel are knowledgeable about the applicable law. Proposed Interim Class Counsel have successfully litigated contested class certification in privacy cases at the federal district court level and have obtained significant district court, and federal appellate decisions advancing the law in data privacy. *See Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher*, 631 F. Supp. 3d at 586 (defeating a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at

*1 (D.S.C. July 1, 2021) (defeating a standing challenge in a 10 million person data breach case); *Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 WL 3108884 (N.D. Ill. June 25, 2018) (certifying, over objection, a class of over 1 million consumers in a data privacy case).

Litigating data breach class actions often entails extensive factual discovery, retention of experts, and background knowledge in the technology and practices involved. Recurring issues of class certification, damages, and injunctive relief require counsel that have already learned these lessons and achieved legal rulings that facilitate prosecution. Proposed Interim Class Counsel's extensive experience regarding the statutes and claims at issue here, along with their substantial track record of success, will allow them to skillfully litigate this case in the best interests of Plaintiffs and the putative class.

## VI.   PROPOSED INTERIM CLASS COUNSEL WILL COMMIT ALL NECESSARY RESOURCES TO REPRESENTING THE CLASS

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of Proposed Interim Class Counsel. Proposed Interim Class Counsel consist of well-established and successful law firms that can and will provide the resources and personnel necessary to pursue a case of this magnitude, a fact they have demonstrated in previous data breach class actions. The firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation and proceed to trial expeditiously.

Each firm understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Proposed Interim Class Counsel have already demonstrated their

commitment to this litigation by devoting substantial resources to prosecuting this action. Proposed Interim Class Counsel have already engaged in discussions with Plaintiffs' counsel and have expended significant resources to investigate the Data Breach, communicate with affected individuals, research, and draft complaints, and work with Defense counsel to coordinate consolidation.

An important consideration is not only the resources that Proposed Interim Class Counsel have already committed to the case but their capacity to adequately staff and fund the litigation as it progresses. *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 187 (S.D.N.Y. 2008) ("Because many of the defendants in this case are large financial institutions with substantial financial and legal resources, it is likely that interim lead plaintiffs in this case will have to expend considerable resources when representing the plaintiffs."). To ensure adequate funds are available to prosecute this litigation on behalf of the putative Class, Proposed Interim Class Counsel will also establish a system to pay assessments proportional to the needs of the case. And, as their firm resumes and counsels' experience indicate, Proposed Interim Class Counsel have the resources and willingness to see this litigation through to its conclusion, including trial.

## VII.    THE FIRST-TO-FILE RULE FURTHER SUPPORTS THE APPOINTMENT OF PROPOSED INTERIM CLASS COUNSEL.

Proposed Interim Class Counsel filed the first action arising from the Data Breach and in considering Rule 23(g) motions, federal courts across the country give deference to counsel in the first-filed case when they are qualified to handle the action. *See In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing as interim lead counsel the firms that filed the first complaints and holding that where a firm has "filed the first complaint[] in [the] case, and the subsequent complaints filed . . . are substantially similar to those initial filings," it provides evidence of the firm's "substantial history of investigating the potential claims in this action.");

*see also In re Insulin Pricing Litig.*, 2017 WL 4122437, at *3 (D.N.J. Sept. 18, 2017) (appointing class counsel in part because they "filed the first complaint in this litigation"); *Steele v. United States*, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) ("[S]ince both groups are more than qualified to handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first."); *Michelle v. Arctic Zero, Inc.*, 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) ("[F]irst-to file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker."); *Richey v. Ells*, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action."); *Carlin v. DairyAmerica, Inc.*, 2009 WL 1518058, at *2 (E.D. Cal. May 29, 2009) (where multiple counsel filing two identical class action lawsuits seek appointment of interim class counsel, appointment of the first-filed counsel is appropriate where "a simple comparison of the original complaint . . . with the [second-filed complaint] reveals that they are almost identical"); *Moradi v. Adelson*, 2011 WL 5025155, at *3 (D. Nev. Oct. 20, 2011) ("Moreover, as the Moradi Plaintiffs were the first to file suit, it would be appropriate to assign [their attorneys] as lead counsel."); *Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003) (noting that courts will consider which action was filed first for lead counsel purposes where "there is a need for an objective tie-breaker").

Through their combined experience, Proposed Interim Class Counsel wholly understand the significant amount of time and resources needed to effectively prosecute class actions and are ready to accept this responsibility. If appointed, Proposed Interim Class Counsel will continue to commit the same resources and effort to this case as they have committed to their other successful data breach cases.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") Israel David of Israel David LLC, and John A. Yanchunis of Morgan and Morgan as Interim Co-Lead Class Counsel and Daniel Srourian of Srourian Law Firm, P.C.  and James M. Evangelista of Evangelista Worley LLC as members of the Plaintiffs' Executive Committee pursuant to Fed. R. Civ. P. 23(g).

Dated: September 1, 2023                  Respectfully submitted,

_/s/ Vicki J. Maniatis_
Vicki J. Maniatis  (NY Bar No. 2578896)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel.:     (865) 412-2700
vmaniatis@milberg.com

Gary M. Klinger _(pro hac vice forthcoming)_
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
gklinger@milberg.com

Israel David
**ISRAEL DAVID LLC**
17 State Street, Suite 4010
New York, NY 10004
Phone: (212) 739-0622
israel.david@davidllc.com

John A. Yanchunis*
JYanchunis@forthepeople.com
Ra O. Amen*
Ramen@forthepeople.com
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street 7th Floor

Tampa, Florida 33602
T: (813) 223-5505
F: (813) 223-5402

Daniel Srourian, Esq. *(pro hac vice forthcoming)*
**SROURIAN LAW FIRM, P.C.**
3435 Wilshire Blvd., Suite 1710
Los Angeles, California 90010
Tel: (213) 474-3800 / Fax: (213) 471-4160
daniel@slfla.com


James M. Evangelista
**EVANGELISTA WORLEY LLC**
500 Sugar Mill Rd.
Suite 245A
Atlanta, Georgia  30350
Tel: (404)205-8400 / Fax: (404)205-8395
jim@ewlawllc.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 1, 2023 the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

<em>/s/ Vicki J. Maniatis</em>
Vicki J. Maniatis